IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KEITH BROWN,
ADC #138611                                                                                    PLAINTIFF

v.                                        4:10CV00253JMM/JTK

LEROY BROWNLEE, et al.                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District
     Judge (if such a hearing is granted) was not offered at the
     hearing before the Magistrate Judge.

1

>    3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, a state inmate incarcerated at the Delta Regional Unit of the Arkansas Department of Correction (ADC), has filed an application to proceed in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983 (Doc. No. 1). In his complaint, plaintiff alleges the Arkansas Board of Parole voted to grant him parole on November 16, 2009, at which time he was enrolled in a Therapeutic Community Program at the Tucker Unit. However, plaintiff was dismissed from the program after receiving a disciplinary charge and on February 22, 2010 (one day prior to his scheduled release eligibility date), he was informed that he was scheduled for another interview before the Parole Board. After another hearing, plaintiff was told his parole was rescinded until completion of the Therapeutic Community Program. Plaintiff alleges the defendants, Parole Board members, improperly rescinded his parole, and asks for monetary and injunctive relief.

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court

must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitze v. Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  But regardless whether a plaintiff is represented or appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's recent opinion in Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937 (2009), to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Id. at 1950, citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility

and plausibility of entitlement to relief." Id. at 545-46.

Having reviewed plaintiff's complaint, the Court finds it should be dismissed for failure to state a claim. In Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979), citing Meachum v. Fano, 427 U.S. 215, 244 (1976), the United States Supreme Court held there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. In Munson v. Norris, 435 F.3d 877, 879 (8th Cir. 2006), the Court upheld a ruling that requiring an Arkansas prisoner to complete the RSVP program prior to receiving parole did not violate due process, because the prisoner did not have a constitutional right to conditional release prior to the expiration of his sentence.

Matters pertaining to the parole process are usually governed by state statute and therefore, are matters of state law, without questions of constitutional magnitude. In Wiggins v. Lockhart, 825 F.2d 1237, 1238 (8th Cir. 1987), the Court noted the district court held, citing, Schwindling v. Smith, 777 F.2d 431, 432-22 (8th Cir. 1985), that the state courts are the exclusive forum for resolving an inmate's challenge to the manner in which his parole eligibility date is determined. Section 1983 specifically requires that a violation of a federally-protected right be alleged and demonstrated. However, in this case, plaintiff has not demonstrated a denial of a federally-protected right, given the fact that there is no constitutional or inherent right of a convicted person to parole.

The Arkansas Parole statute, Ark. Code Ann. § 16-93-201-206 (Supp. 1997), establishes only the possibility of parole. Nothing in the Arkansas statutes creates a right of an inmate to release on parole which would invoke due process protection, Robinson v. Mabry, 476 F.Supp. 1022, 1023 (E.D.AR 1979), and parole officials are entitled to consider many factors in their determination of whether to grant parole, including prior criminal history and number of offenses, and may also fix the

time and conditions of the parole. Therefore, a claim that defendants violated a liberty interest in parole must fail, as it does not state a claim for relief.

The Court also finds plaintiff's request for injunctive relief is a request for release or a shortening of the duration of his confinement, and therefore, the appropriate cause of action should be one for habeas corpus relief. See Wilson v. Lockhart, 949 F.2d 1051 (8th Cir. 1991). In Offet v. Solem, 823 F.2d 1256, 1261(8th Cir. 1987), the court held state remedies must be exhausted when a federal decision might indirectly lead to a change in the duration of confinement by requiring reconsideration of a prisoner's status.

With respect to plaintiff's request for damages, the Court finds that plaintiff's complaint falls within the meaning of Heck v. Humphrey, 512 U.S. 477 (1994), and that therefore, it should be dismissed. In Heck, the United States Supreme Court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by a state tribunal or federal court. As noted earlier, an action attacking the validity of one's parole calls into question the fact and duration of confinement. See Lindsey v. Wells, 901 F.2d 96 (8th Cir. 1990), and must be raised in a petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus, after exhaustion of state remedies. It does not appear from the record that plaintiff has exhausted his state remedies with respect to this attack on his confinement. Should he ultimately succeed in challenging the legality of the Parole Board's decision and his continued confinement through appropriate state procedures, he may refile his complaint for damages. See Schafer v. Moore, 46 F.3d 43 (8th Cir. 1995).

Finally, parole board (now known as Post-Prison Transfer Board) members are absolutely

immune from suit for damages while performing their official duties.  <u>Gale v. Moore</u>, 763 F.2d 341, 344 (8th Cir. 1985).  Therefore, the Court finds that this complaint should be dismissed without prejudice.  Accordingly,

    IT IS, THEREFORE, ORDERED that plaintiff's motion to proceed <u>in forma pauperis</u> (Doc. No. 1) is hereby DENIED, and plaintiff's complaint against defendants is DISMISSED without prejudice to re-file after exhaustion of his available remedies.  This dismissal should be considered a "strike" within the meaning of the PLRA.[1]

    IT IS SO ORDERED this 26th day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that dismissal of Plaintiff's complaint constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), which provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...."  See <u>Patton v. Jefferson Correctional Center</u>, 136 F.3d 458, 462-64 (5th Cir. 1998).